# IN THE COURT OF APPEALS OF TENNESSEE

## AT NASHVILLE

FILED

March 31, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

FIDELITY & CASUALTY CO. )
OF NEW YORK, )
                                )
       Plaintiff/Appellant, )      Appeal No.
                                )      01-A-01-9804-CH-00203
v. )
                                )      Williamson Chancery
GREGORY ENTERTAINMENT, INC.)     No. II 24914R2
                                )
       Defendant/Appellee. )

## APPEAL FROM THE CHANCERY COURT OF
## WILLIAMSON COUNTY AT FRANKLIN, TENNESSEE

### THE HONORABLE HENRY DENMARK BELL, JUDGE

DAVID A. LUFKIN
LUFKIN HENLEY & CONNER
Attorneys at Law
530 S. Gay St. 7th Floor
Knoxville, Tennessee 37902

       Attorney for Plaintiff/Appellant

J. RUSSELL FARRAR
JOHN E. CARTER
FARRAR & BATES, L.L.P.
211 Seventh Avenue, N., Suite 320
Nashville, Tennessee 37219-1823

       Attorneys for Defendant/Appellee

# REVERSED AND REMANDED

                        PATRICIA J. COTTRELL, JUDGE

CONCUR:
KOCH, J.
CAIN, J.

# MEMORANDUM OPINION

The primary issue in this case is whether the trial court should have granted Plaintiff's motion to amend its complaint to correct deficiencies that were raised by Defendant in a motion for judgment on the pleadings. Plaintiff disputes that the Complaint is deficient, but requested to be allowed to amend the Complaint by attaching discoverable documents that would have been introduced at trial. We are of the opinion that leave to amend should have been granted.

The underlying lawsuit involves the Appellant insurer's attempts to collect payment for workers compensation insurance coverage which Appellant asserts was provided and Appellee denies was purchased. The parties' filings in the trial court indicate that they were clearly aware of the basis of the dispute. Fidelity and Casualty claims it provided a benefit (workers' compensation insurance coverage) and that Gregory Entertainment failed to provide compensation for that benefit. From the beginning of the lawsuit, Gregory Entertainment has defended on the basis it never signed a contract with Fidelity and Casualty to provide the insurance coverage.

What could have been a relatively straightforward lawsuit became procedurally complicated. A discovery dispute emerged when Gregory Entertainment sought to depose Fidelity's employee whose affidavit was attached to the Complaint. The deposition was noticed for two days before Christmas, by notice dated December 3. Initially, on December 22, Fidelity resisted the deposition claiming no knowledge of that employee, and requesting that any depositions of Fidelity be taken at Fidelity's office or by telephone or in writing. Later, Fidelity attempted to correct its error regarding its employee, but sought to have the deposition of the out-of-state employee taken by written interrogatory or by telephone.

Meanwhile, other skirmishes were escalating. The Complaint on Sworn Account was filed August 28, 1997; the Answer was filed October 13, 1997; Plaintiff filed a Motion for Default Judgment; an Amended Answer (under oath) was filed on October 27, 1997; Defendant filed a Motion for Judgment on the Pleadings on January 12, 1998, alleging Plaintiff failed to state a claim and, alternatively requested a continuance of the trial which had been set for February by agreed order which also withdrew the motion for default judgment; on

January 28, 1998, Plaintiff requested a continuance of the hearing on the motion for judgment on the pleadings, which hearing had been set for January 26; on February 6, 1998, Plaintiff filed a Response to Defendant's Motion for Judgment on the Pleadings; on February 6, 1998, the trial court dismissed the complaint without prejudice, finding defendant's motion to be well taken, apparently finding a defect under Tenn. R. Civ. P. 10.03 in the failure to attach document(s) underlying the lawsuit. The trial court noted that Plaintiff had suggested any such defect could be cured by amendment.

Rule 15.01 of the Tennessee Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." Our Supreme Court has recognized that this language in Rule 15.01 "substantially lessens the exercise of pre-trial discretion on the part of a trial judge." *Branch v. Warren*, 527 S.W.2d 89 at 91, 92 (Tenn. 1975); *see also Craven v. Lawson*, 534 S.W.2d 653, 655 (Tenn. 1976).

In the instant case, judgment on the pleadings was rendered in favor of defendant resulting in dismissal of the action. In considering whether to grant amendment, a trial court should consider several factors, including "undue delay in filing the amendment, lack of notice to the opposing party, bad faith by the moving party, and the futility of amendment." *Gardiner v. Word*, 731 S.W.2d 889, 891-92 (Tenn. 1987). The trial court did not address any of these factors, and based upon our review of the entire record, we are unable to find any of the factors militating against amendment or any injustice which would result from amendment.

Since Plaintiff offered to amend its Complaint to attach documents, this Court need not address the issue of whether Tennessee Rule of Civil Procedure 10.03 required that the documents be attached to the Complaint. It appears to us that amendment is the most straightforward method to further resolution of this apparently straightforward dispute. Rule 1 of the Tennessee Rule of Civil Procedure provides, "These rules shall be construed to secure the just, speedy, and inexpensive determination of every action." This policy is furthered in this case by allowing amendment.

The order of the trial court dismissing plaintiff's complaint and, thereby, denying plaintiff's request for leave to amend is vacated and plaintiff is allowed to amend the complaint.

This case is remanded to the trial court for further proceedings. In view of the procedural history of this case, the costs of appeal are taxed to Appellant.

_____
PATRICIA J. COTTRELL, JUDGE

CONCUR:


_____
WILLIAM C. KOCH, JUDGE


_____
WILLIAM B. CAIN, JUDGE